51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank CARTER, Plaintiff-Appellant,
v.
ALBUQUERQUE, CITY OF; Public Defender Dept.; Sammy J.
Quintana, Chief Public Defender; Ralph Odenwald, District
Public Defender; John L. Walker, Public Defender; Roxana
M. Prelo, Attorney; Elmer Chavez, Public Defender
Investigator, in their individual and official capacities,
Defendants-Appellees.
 No. 94-2251.
 D.C. No. 94-CV-1202.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Frank Carter, appearing pro se, appeals from the district court's Memorandum Opinion and Order dismissing his 42 U.S.C.1983 complaint for damages and his prayer for declaratory relief without prejudice.
 
 
 3
 Carter is an inmate of the State of New Mexico at Los Lunas, New Mexico. He was tried, convicted and sentenced for burglary. In this 1983 action, Carter contends that he was denied effective assistance of counsel and denied an adequate investigation of his case. Carter named as defendants the City of Albuquerque, New Mexico, Sammy Quintana, Chief Public Defender, Ralph Odenwald, a Public Defender, John M. Walker, a Public Defender, Roxana M. Prelo, a contract attorney with the Public Defender Department, and Elmer Chavez, employed as a Public Defender Investigator, in their individual and official capacities. Carter sought compensatory damages of $3,000,000 and punitive damages of $1,000,000 against each defendant. He also sought declaratory relief that the defendants violated the United States Constitution and state law.
 
 
 4
 The district court reviewed Carter's complaint sua sponte pursuant to 28 U.S.C.1915(d) and concluded that it was frivolous or malicious and that it failed to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).
 
 
 5
 On appeal, Carter contends that (1) he did state a claim for relief, (2) the defendants were acting under color of law, (3) the district court failed to give Plaintiff notice "of their plains [sic] to dismiss his action," and (4) he is not indirectly challenging his conviction in requesting a Declaratory Judgment.
 
 
 6
 We AFFIRM substantially for the reasons set forth in the district court's "Memorandum Opinion and Order" entered October 27, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470